**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RENE GARCIA SANCHEZ ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-169-G** |
| | ) | |
| **WARDEN OF DIAMONDBACK** | ) | |
| **CORRECTIONAL FACILITY et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>ORDER</u>

Rene Garcia Sanchez, who is currently detained in the Diamondback Correctional Facility, by the United States Immigration and Customs Enforcement (ICE), is named as Petitioner in this 28 U.S.C. § 2241 habeas corpus action. (ECF No. 1). A layperson named Adelky Herrera Martin, purports to have filed the petition as Petitioner's "Next Friend." (ECF No. 1-3)(Statement of Standing as Next Friend). United States District Judge Charles B. Goodwin has referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). *See* ECF No. 5

Because the Petition is not signed by Petitioner, the Petition is deficient, and Petitioner must file an amended petition no later than **March 5, 2026**.

## I.    MR. SANCHEZ HAS NOT SIGNED THE PETITION

Although named as Petitioner, Mr. Sanchez has not signed the petition for writ of habeas corpus. *See* ECF No. 1. Habeas Corpus Rule 2(c)(5) provides that "the petition must . . . be signed under penalty of perjury by the petitioner or by a person authorized

to sign it for the petitioner under 28 U.S.C. § 2242." And Fed. R. Civ. P. 11(a) requires "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."

## II.    MS. MARTIN HAS NOT ESTABLISHED NEXT FRIEND STANDING

A "next friend" may pursue relief on behalf of a detained person who is unable to seek relief on his own. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163. This is because the next friend doctrine "was not intended" to be available, "as a matter of course," "[to] intruders or uninvited meddlers, styling themselves next friends." *Id*. at 164 (internal quotation marks omitted). "Indeed, if there were no restriction on 'next friend' standing in federal courts, the litigant asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art[icle] III simply by assuming the mantle of 'next friend.'" *Id*.

So, to pursue a case as a next friend, the proposed next friend must show "that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Id*. at 165; *see also Williams*, 1999 WL 34856, at *5 ("A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition."); Rule 2(c)(5), Rules Governing Section 2254 Cases in the United States District Courts, advisory committee note to 2004 amendments ("The Committee envisions that the courts would apply [the]

. . . 'next friend' standing analysis [set forth in *Whitmore*] in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner."). The proposed next friend must also demonstrate they are "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and "have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163-64. The burden is on the next friend to "clearly establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164; *see also Jiron v. Swift*, 671 F. App'x 705, 706 (10th Cir. 2016) (denying certificate of appealability and dismissing appeal of "next friend" who failed to satisfy the *Whitmore* factors for next friend standing); *Williams*, 1999 WL 34856, at *5 (holding that "a next friend applicant must explain why the detainee did not sign and verify the petition, and if he cannot do so, the court is without jurisdiction to consider it" (internal quotation marks omitted)).

Ms. Martin does not satisfy the *Whitmore* factors. She does assert a "significant relationship" with Mr. Sanchez, indicating a 3-year domestic partner relationship. But Ms. Martin suggests Mr. Sanchez is "physically unable" to sign, file or manage this petition due to his current incarceration. Further declaring that Mr. Sanchez's inability to speak English creates a barrier for Mr. Sachez to navigate the "federal court system." *See* ECF No. 1-3:1. However, these declarations alone do not demonstrate that Petitioner is unable to litigate his own case due to mental incapacity or lack of access to the courts. Neither Petitioner's status as a detainee nor his alleged "physical limitations" sufficiently demonstrate that Petitioner was unable to file his petition justifying the need for a next

friend. *See, e.g., Jiron,* 671 F. App'x at 706 (rejecting father's attempt to act as next friend when he failed to show how his daughter's incarceration and failure to receive certain documents from the district court "interfered with her ability to communicate with the district court"). Finally, Ms. Martin does not assert Mr. Sanchez has authorized her to sign, verify, and mail the Petition on his behalf. *See* ECF No. 1-2. Accordingly, without proof of Petitioner's authorization and his inability to act on his own behalf, the Court declines to recognize Ms. Martin as Petitioner's "next friend." *Williams*, 166 F.3d 1223, at *5.

Further, even if Ms. Martin were to be appointed as Petitioner's next friend, she could not represent Mr. Sanchez or sign filings on his behalf but would have to employ counsel to do so. *See Sutton v. Doe 1*, 736 F. App'x 212, 213 (10th Cir. 2018) ("However, pro se litigants, as [Plaintiff] is in this case, may not bring 'next friend' suits." (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986))); *see also Franklin v. Dep't of Homeland Sec.,* No. 19-CV-00314, 2019 WL 2183411, at *2 (D. Colo. May 20, 2019) (R&R) (applying the *Meeker* rule to a § 2241 habeas proceeding).

## III.    MS. MARTIN IS NOT AN ATTORNEY

Ms. Martin prepared the Petition and is attempting to pursue this case on Mr. Sanchez's behalf. (ECF No. 1). But Ms. Martin is not an attorney and so she cannot represent Mr. Sanchez or file documents on his behalf. *See, e.g., Williams*, 1999 WL 34856, at *5 ("Since Mr. Shaffer does not qualify as a 'next friend,' as a lay person he may not participate in the unauthorized practice of law by filing petitions and briefs on

behalf of another in violation of state and federal provisions governing the practice of law."). The Court may also dismiss the petition on this basis. *See id*. (holding the petitioner was "not entitled to have an unlicensed lay person 'represent' him in . . . the district court").

## IV.   CONCLUSION

Mr. Sanchez did not sign the Petition and Ms. Martin has not shown she was authorized to sign the Petition on Mr. Sanchez's behalf or that she is an attorney representing Mr. Sanchez. As a result, Mr. Sanchez must file an amended petition signed either (1) by a licensed attorney or, (2) should he wish to proceed *pro se*, by himself personally. Any amended petition must be filed not later than **March 5, 2026.**

Failure to comply with this Order may result in the dismissal of this action without prejudice to re-filing.

IT IS SO ORDERED on February 20, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE